KAISER v. CINBERG.

(Supreme Court, Appellate Division, Second Department. January 22, 1909.)

1. LICENSES (§ 58*)—EXIT FROM BUILDING—REVOCATION.
    Where, after the execution of a lease, the landlord granted the tenant permission to use the rear of premises not included in the lease for an exit from a moving picture show that he expected to operate on the

---

premises, and such privilege was granted without any consideration, it was a mere license, revocable at the landlord's pleasure, though the tenant has made expenditures on the faith of its continuance.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 116, 118, 120; Dec. Dig. § 58.*]

2. LANDLORD AND TENANT (§ 124*)—LEASE—CONSTRUCTION—COVENANTS.

Where a business building lease provided that repairs should be done according to the laws of the building department, the department's requirement of a rear exit into a street, which would pass through property outside the lease, could not operate as a covenant that plaintiff by force of the lease should have such right of passage.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 438; Dec. Dig. § 124.*]

Appeal from Special Term, Kings County.

Action by Gustave W. Kaiser against Louis Cinberg. From orders granting an injunction pendente lite, defendant appeals. Modified.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Edward A. Brown, for appellant.
Henry H. Altman .(David T. Smith, on the brief), for respondent.

JENKS, J. This is an appeal by the defendant from orders of the Special Term for an injunction pendente lite. The defendant leased to the plaintiff certain premises on Fulton street in the borough of Brooklyn for the expressed purpose of conducting a moving picture show. Shortly after the execution of the lease the plaintiff found that in order to secure the approval of the department of buildings he must have a rear exit to these premises leading to a street, and that such approval was a prerequisite to his license to maintain this business. Thereafter, upon request of the plaintiff and the superintendent of buildings, the defendant made affidavit that as owner of the premises leased as aforesaid he granted permission to the plaintiff to use the rear of the said premises for the purpose of an exit to the said moving picture show. The plaintiff complains that the said exit is now closed by a locked iron gate which renders such exit useless, that the building department will not, and had refused to, pass its permit unless the lock and the gate are removed, whereby the plaintiff was forced to stop his work upon the premises, and asks for judgment to restrain the defendant from interfering with the said gates and from preventing plaintiff from continuing his work of alteration according to the terms of the contract, and from keeping said lock on the gates. The learned Special Term granted the injunction pendente lite in general accord with the prayer of the complaint.

I am of opinion that upon the record before us it is very doubtful whether the plaintiff has any cause of action against the defendant. There is no contention that the lease embraces the premises whereon this exit exists, or that it contemplates the use of such exit in connection with the leased premises. It does not even appear that at the time of the execution of the lease for the use of the premises for a moving picture show it was in the contemplation of the parties that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such use necessarily required the use of the exit in question. The lease is not in the record. The plaintiff points out that the lease provided that the repairs should be done according to the laws of the building department; but the requirement by that department for an exit into a street, which admittedly must pass through property outside of the lease, is hardly to be construed into a covenant that the plaintiff perforce of his lease shall have such right of passage. Moreover, the plaintiff in his affidavit but deposes that such exit could only "be conveniently" (therefore not necessarily) "had through the land adjoining the said stores, and which adjoining land belongs to this defendant." There is no contention that this permission, given about a month after the execution of the lease, to permit passage through this exit across the land of the defendant into the street, was granted upon any express consideration, and the defendant deposes that there was none. I cannot see that there is any consideration for such user. For aught that appears, such permission was a mere license, revocable at the pleasure of the defendant, which conferred no rights on the plaintiff after such revocation. Matter of Trustees of Village of White Plains, 124 App. Div. 1, 108 N. Y. Supp. 596, and authorities there cited. It is immaterial that the plaintiff had made any expenditure on the faith of the continuance of such permission. Crosdale v. Lanigan, 129 N. Y. 604, 29 N. E. 824, 26 Am. St. Rep. 551; McAdam on Landlord and Tenant, p. 177. I think that the injunction order, in so far as it interferes with the defendant in the control of any of his property upon his own land, exclusive of the premises subject to the lease, was wrong, and that therefore it must be modified accordingly.

I may comment that the revocation of the license does not indicate any bad faith on the part of the defendant, in view of his affidavit that he locks the gate to prevent access to his own premises by strangers, and that he has stated to the plaintiff, and that he restates in his affidavit, that as soon as the plaintiff starts business or desires to use the gate he will remove the lock and permit its use by the plaintiff, if he will neither remove it nor the iron railing.

Order modified, in accordance with opinion, and, as modified, affirmed. All concur.